IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TRAVIS BLANK, | § | |
| (BOP No. 16486-078) | § | |
| V. | § | CIVIL ACTION NO. 4:14-CV-502-O |
| | § | |
| UNITED STATES OF AMERICA, et al. | § | |

### OPINION AND ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. § 1915A(b)

This case is before the Court for review of pro-se inmate and plaintiff Travis Blank's civil complaint under the screening provision of 28 U.S.C. §§ 1915A(a) and (b). Blank paid the full filing and administrative fees. Blank, an inmate at the Bureau of Prisons' FCI-Fort Worth facility, names as defendants the United States of America; Regional Director Keller, FCI-Oakdale Warden Young; former FCI-Fort Worth Warden Tamez; FCI-Fort Worth Assistant Warden Fick; FCI-Fort Worth Medical Director Ferguson; FCI-Oakdale Medical Director Merritt; and FCI-Fort Worth Clinical Director Tubera. (Complaint, ECF No. 1, at 1-2.) Blank complains of his initial transfer to the Federal Transfer Center in Oklahoma City after his conviction in October 2011, followed by his housing placement at FCI-Oakdale in December 2011, the medical care he received at FCI-Oakdale while he was housed there in late 2011 through February 22, 2012, and the medical care and treatment he has received since being transferred to FCI-Fort Worth in February 2012. *Id.*, at 3-37. Plaintiff seeks a declaratory judgment that his constitutional rights have been violated, he seeks monetary damages, and recovery of costs. *Id.*, at 37.

As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a) (West 2006). This provision authorizing review of prisoner pleadings is separate from the screening provision applicable to in-forma-pauperis proceedings, and it provides that when the Court

makes the review required under § 1915A(a), the Court shall dismiss the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. § 1915A(b)(1) and (2)(West 2006). Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry. *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995) (recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry). Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory." *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). After review and consideration of May's claims against the government defendants as asserted in the complaint, the Court concludes that many of his claims and defendants must be dismissed under the authority of § 1915A(b)(1).

*Official Capacity Claims*

In each of Plaintiff's listings of the seven individual defendants' names as parties, he writes that each person is "sued in his [or her] individual and official capacity for damages under *Bivens.*" (ECF No. 1, at 1-2.) The Supreme Court, in *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens"),* recognized an individual's right to seek recovery for violation of constitutional rights by a person acting under color of federal law. 403 U.S. 388, 297 (1971). The *Bivens* decision is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"*), overruled on other grounds, Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003). Although Plaintiff may pursue a *Bivens* claim against individual officers for a constitutional violation, he may "not

2

bring a [*Bivens* action] against the United States, the Bureau of Prisons [BOP], or BOP officers in their official capacities as such claims are barred by sovereign immunity." *Gibson v. Federal Bureau of Prisons*, *et al.*, 121 F. App'x 549, 551 (5th Cir. 2004) (citing *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001) and *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (claims against employees in official capacities are considered a suit against the government entity); *see also Federal Deposit Insurance Corp. V. Meyer,* 510 U.S. 471, 484-86 (1994) (*Bivens* claim not authorized against a federal agency). Plaintiff may not seek relief for alleged violations of his constitutional rights against the individual defendants in an official capacity, and thus such claims must be dismissed.

*Claims Barred by Statute of Limitations*

Furthermore, the bulk of Blanks's factual allegations relate to events that took place in 2011 and early 2012. (ECF No.1 at pages 3-19.) The United States Court of Appeals for the Fifth Circuit held that a *Bivens* action is controlled by the applicable state statute of limitations. *See Brown v. Nationsbank Corp., et al.,* 188 F.3d 579, 590 (5th Cir. 1999) (citing *Alford v. United States,* 693 F.2d 498, 499 (5th Cir. 1982)). In Texas, the applicable limitations period is two years. *See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994) (noting that district courts in Texas must use Texas's general two-year, personal injury limitations period); *see* Tex. Civ. Prac. & Rem. Code 16.003(a)(Vernon Supp. 2014) (Texas's two-year personal injury limitations statute). Thus, the applicable limitations period on a *Bivens* claim filed in Texas is two years. *Brown,* 188 F.3d at 590 (citing *Pena v. United States,* 157 F.3d 984, 987 (5th Cir. 1998)).

A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations. *Moore,* 30 F.3d at 620 (citing *Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993)); *see also Fleming v. United States,* 538 F. App'x 423, 425 (5th Cir. 2013) (affirming sua sponte dismissal of *Bivens*

3

claims under § 1915A(b)(1) as limitations barred). Federal courts look to federal law to determine when a civil-rights action accrues, and under federal law a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis for his action. *See Harris v. Hegmann,* 198 F.3d. 153, 157 (5th Cir. 1999) (citing *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992)). The Court sees no reason that plaintiff Blank did not know of each complained of injury at the time it occurred.[1]

Plaintiff's suit papers were received and filed on June 27, 2014. Although it is unclear if the complaint and other papers were physically brought to the clerk's office on Blank's behalf or mailed to the Court, even assuming Blank is afforded the presumptions of the mailbox rule, as the complaint was signed on June 16, 2014, that is the earliest date the case was filed. (ECF No. 1 at 38.) *See generally Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006) (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)) (under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the pro se prisoner submits the pleading to prison authorities for mailing); *see also Cooper v. Brookshire*, 70 F.3d 377, 378-81 (5th Cir. 1995) (applying the mailbox rule to the filing of a complaint under § 1983). All of Plaintiff's allegations arising from the initial placement of him at the Federal Transfer facility in Oklahoma City in December 2011, arising from his transfer to FCI-Oakdale on December 15, 2011, and arising from his detention at that facility from December 2011 through February 2012, took place over two years and several months before Blank filed this suit. (ECF No. 1, at 3-14.) Thus, all of Plaintiff's claims against Regional Director Keller, FCI-Oakdale Warden Young and Medical Director Merritt, are barred by the applicable statute of limitations.

---

[1] Plaintiff has displayed the ability to file federal lawsuits over his medical care. The Pacer federal court tracker system lists five other suits filed by plaintiff Blank since June 2011 over the conditions of his confinement, including another suit arising, in part, from his medical care from defendant Butch Tubera. *See Blank v. Tubera and Gomez,* No.4:12-CV-052-A (N.D. Tex. Feb. 7, 2013 Order and Final Judgment Granting Motion for Summary Judgment of defendants Butch Tubera and Jose Gomez).

Furthermore, Plaintiff's initial factual allegations arising from the medical care and treatment he received once he arrived at FCI-Fort Worth begin on February 29, 2012, and Blank recites several allegations of events between that date and May 30, 2012. (ECF No. 1, at 14-19.) These claims are also barred by the statute of limitations,. Thus all of Blank's claims against the individual defendants arising from factual events prior to June 16, 2012, must be dismissed.[2]

*Order*

It is therefore **ORDERED** that all Plaintiff's claims against the individual defendants in an official capacity; all claims against Regional Director Keller, FCI-Oakdale Warden Young, and FCI-Oakdale Medical Director Merritt; and all claims against the remaining individual defendants that occurred before June 16, 2012, are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1).

**SO ORDERED** this **28th day** of **January, 2015.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court will direct Blank to file a more definite statement as to his remaining claims.